**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KARLA T. WILCOXSON TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-471-M |
| | ) |
| JOHNNIE T. WILCOXSON, JR., | ) |
| TRUSTEE of the J. R. TROUT TRUST | ) |
| a/k/a THE J. R. TROUT REVOCABLE | ) |
| TRUST; and JOHNNIE T. WILCOXSON, | ) |
| JR., TRUSTEE OF THE JOHNNIE T. | ) |
| WILCOXSON TRUST, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss with Brief in Support, filed September 7, 2011. Plaintiff's response was filed September 28, 2011. Based upon the parties' submissions, the Court makes its determination.

Plaintiff, the Karla T. Wilcoxson Trust dated May 1, 2006 ("plaintiff") is a revocable trust. Plaintiff's only vested and current beneficiary is K. T. McKenzie, a citizen of Collins County, Texas. Defendants John T. Wilcoxson, Jr., Trustee of the J. R. Trout Trust a/k/a The J. R. Trout Revocable Trust; and Johnnie T. Wilcoxson, Jr., Trustee of the Johnnie T. Wilcoxson Trust ("defendants") are residents of Jefferson County, Oklahoma. Plaintiff states in its complaint that "the amount in controversy, exclusive of interest and costs, exceeds $75,000.00." On April 29, 2011, plaintiff filed this action alleging defendants mismanaged the assets of the Trout Trust which consist primarily of real property located in this district. Defendants contend this matter should be dismissed because the named plaintiff is not a real party under Rule 17 of the Federal Rules of Civil Procedure and upon substitution of the real party in interest, this Court will no longer have subject matter

jurisdiction due to lack of diversity.  Specifically, defendants appear to contend that Rule 17 mandates that the real party in interest with respect to the claims alleged in the Complaint must be brought against James B. Lathrop, the trustee of the Karla T. Wilcoxson Trust, a resident /citizen of the State of Oklahoma.

Federal Rule Civil Procedures 17(a)(1)  provides:

> **Real Party in Interest.**
>
> **(1)** *Designation in General.*  An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person for whose benefit the action is brought:
>
> > (A)  an executor;
> > (B)  an administrator;
> > (C)  a guardian;
> > (D)  a bailee;
> > (E)  a trustee of an express trust;
> > (F)  a party with whom or in whose name a contract has been made for another's benefit; and
> > (G)  a party authorized by statute

Fed. R. Civ. P. 17(a)(1).

While Fed. R. Civ. P. 17(a) (1) does indicate a trustee of an express trust may sue in his own name without joining the trust,  plaintiff has elected not to bring this action in the name of the trustee of the Karla T. Wilcoxson Trust, but rather in the name of the trust.   Additionally, the Supreme Court in *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990), makes clear that the proper citizenship test where the trust entity itself is the named party, as in this case, is the citizenship of the members or beneficiaries of the trust.  Because Rule 17(a) does not require that a suit be brought in the name of the trustee or that an express trust's citizenship be determined by the residence of the trustee, the

Court finds Defendant's Motion to Dismiss and Brief in Support [docket no. 9] is DENIED.

**IT IS SO ORDERED this 19th day of April, 2012.**

/s/ Vicki Miles-LaGrange

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE